McKinney, J.
delivered the opinion of the court.
Two questions are presented for our determination in this cause.
1. Where real estate has been sold and conveyed, will the vendor’s lien accompany the transfer or assignment of the notes of vendee taken for the purchase money?
2. Will the vendor’s lien prevail against a voluntary conveyance of the land, made by the vendee, in trust, for the benefit of his creditors, in consideration of preexisting debts, where a bill has been brought to enforce such lien, before the creditors have signified their acceptance of the assignment, by some' distinct affirmative act, indicating their election to claim or take a benefit under the deed?
The facts upon which these questions arise, are as follows. On the 28th day of October, 1845, the complainant, James L. Green, sold and conveyed to the defendant, Martin Forehand, a tract of land, in Williamson county, of one hundred and forty acres and three-fourths. Four notes, under seal, were executed for the purchase money (without security) by the vendee to the vendor. Three of said notes were, each, for the sum of three hundred and fifty-one dollars 'and seventy-five cents, payable, respectively, on the 1st of January, 1847, 1848 and 1849. The remaining note was for three hundred and eighty-seven dollars, due 1st January, 1850.
The first note was paid by the vendee; the second was endorsed by the payee to the complainant, Brown; the third note was. in like manner endorsed to the complainant, William Green-; and the fourth note is still retained by the complainant, James L. Green." The three last mentioned notes remain wholly unpaid.
*373 On the 19th day of May, 1848, the defendant, Forehand, being in failing circumstances, made a deed of trust, whereby he conveyed to the defendant, Demoss, as trustee, all his property, real and personal, (including the aforesaid tract of land purchased from complainant, James L. Green) for the benefit of certain pre-existing-creditors specified in said deed: not, however, including or making any provision for said notes given for the purchase money of said land.
On the 24th day of May, 1848, the complainants jointly brought this bill to subject said tract of land to the satisfaction of said three notes; and to enjoin a sale thereof under said deed of trust, The bill prays, that so much of the proceeds of the sale as will be sufficient to meet the note already due, may be required to be paid in cash; and that a credit be allowed to meet the other two notes as they respectively fall due.
The bill was taken pro confesso as against the defendant, Forehand. The trustee, i-n his answer, insists that he is a bona fide purchaser of the land for a valuable consideration, and without notice of the complainants’ equity; alleges that the debts provided for in the deed of trust are justly due, and that the assignment is free from fraud.
There is nothing in the record showing an acceptance of the assignment by the creditors, or either of them, prior to the filing of the present bill.
The chancellor decreed the relief prayed for, as to all the complainants; and the defendant, Demoss, has brought the cause to this court by an appeal in error.
1. To the first question, we answer in the negative. In .the case of Graham vs. McCampbell (Meigs’Rep. 52,) the distinction is properly taken between the cases *374 where the legal title has been conveyed by the vendor; and where merely a title bond, or covenant to convey, has been executed, the vendor retaining the legal title as security for the unpaid purchase money. The latter case is regarded as analagous to that of a mortgage taken to secure the purchase money. “No sensible distinction,” it is said, “can be drawn between the cases of a legal title conveyed to secure a debt, and a legal title retained to secure a debt.” And a mortgage being treated as merely a security for the debt; and the assignment of the debt carrying with it the security, it was held, in that case, that the assignment of the ven-dee’s note carried with it the security, and that the assignee had a right to subject the estate to the satisfaction thereof, as in the case of the assignee of a mortgage debt.
But the vendor’s equity, or implied lien, where the legal title has been transferred to the vendee, stands upon very different ground. It is not, properly speaking, in the nature of an equitable mortgage, as some of the cases seem to regard it. It is not a specific, lien until a bill has been filed to enforce it. It is nothing more than a mere equity, capable of acquiring the force and efficacy of a lien, under certain circumstances, in the event of the non-payment of the purchase money. It is the creature of a court of equity, and rests upon the principle, “that a person having got the estate of another, shall not, as between them, keep it and not pay the consideration.” Mackreth vs. Symmons, 15 Ves., 329.
But this lien is a mere personal equitable right in the : vendor, and is not assignable. It looks only to the security of the vendor, and does not pass to the assignee of the vendee’s obligation for the consideration money, *375 ■and, consequently, cannot be enforced in his favor. The assignment of the vendee’s note or obligation for the purchase money, is not, however, ipso facto, an absolute discharge or extinguishment of the lien; it is only so conditionally. The lien is to secure the payment of the purchase money to the vendor. If, upon a transfer by the vendor of the vendee’s note or obligation, the former be discharged from all ultimate liability upon his endorsement; or if the assignment were without responsibility, on the part of the Arendor, for the payment by the vendee; in either case, this would amount to absolute payment, so far as the vendor is concerned, and the lien would be extinguished. But, if the vendor be made liable upon his endorsement, or voluntarily takes back the note, the lien will be regarded as merely suspended in the meantime, and he will be remitted to his equitable right, and may enforce the lien against his vendee, as if no such assignment had been made.
It follows, therefore, that the complainants, Brown and William Green, who are assignees of the vendor, are entitled to no relief; nor can any decree be made in favor of the other complainant, the vendor, as to said two notes; because it does not appear, either from the pleadings or proof in the cause, that he has been made liable on his endorsement of said notes, or that he has taken them back.
2. The second question we answer in the affirmative. Notwithstanding the conflict of authority upon this subject, we think it clear, upon principle and weight of authority, that although this equity of the vendor will be sustained against the vendee, and all claiming through or in privity with him, and likewise against volunteers and purchasers with notice; yet it cannot be allowed *376 to ' prevail against creditors of the vendee, who have subsequently acquired a lien upon the estate, whether with or without notice, either by judgment, or in any other mode, before a bill has been filed by the vendor to assert his lien. This equity, though it relates to the date of the conveyance, does not acquire the character or effect of a specific lien upon the property until the filing of a bill to enforce it. Hence, as between the vendor and subsequent lien creditors of the vendee, it becomes essentially a question of priority of liens, irrespective of notice and all other considerations.
In accordance with this view it was held, in the case of Brown vs. Vanlier, (7 Hum. 239, 249) that the lien will prevail against a voluntary assignment, by deed of trust, for the benefit of antecedent creditors, where a bill is filed before any thing has been done in execution of the trust; or in other words, before the trust is accepted, as was the meaning intended to be conveyed in that case.
The creditors in such case, do not, merely by virtue of the assignment, become lien creditors. It is at their election to accept or to repudiate the assignment; to make themselves parties thereto by their acceptance of it, or to refuse to do so. “Before they have elected to take under the deed, the assignee is rather the trustee for the debtor than for them; when they have accepted the assignment, by claiming or taking a benefit under it, the assignee becomes their trustee, and they assume, by virtue of the assignment, the character oí lien creditors.” White’s Leading cases in Equity, note to Mackreth vs. Symmons, by American editors, p. 250.
There is some difficulty in stating with precision what will be sufficient on the part of creditors to make them *377 parties, or, in other words, to constitute them lien creditors, by virtue of the assignment. It is clear, however, that the mere legal presumption of acceptance, because for their benefit, will not suffice; on the contrary, there must be some affirmative act, clearly expressive of their assent to, and intention to claim or take a benefit under such assignment.
Applying these principles to the case under consideration, we think the right of the vendor to enforce his lien as against the trustee and creditors under the deed of trust, as far as respects the last note, would be clear, in the total absence of proof of any assent to, or acceptance of the assignment by the creditors, but for the objection that said note did not fall due until since the decree in this cause in the chancery court; an objection which is fatal to the present bill.
The decree must be reversed, and the bill dismissed, but without prejudice.